**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| LONG HONG,<br><br>    Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 11-73537<br><br>Agency No. A094-803-497<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2014[**]

Before:    McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Long Hong, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum and withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Hong claims he has a well-founded fear of future persecution by the Chinese government because he provided assistance to North Korean refugees.  Substantial evidence supports the BIA's determination that Hong failed to establish his fear of persecution is objectively reasonable because his wife, who participated with him in assisting the refugees, remains in China unharmed.  *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (future harm was speculative); *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("[a]n applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident").  Accordingly, Hong's asylum claim fails.

Because Hong did not establish asylum eligibility, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal.  *See Zehatye*, 453 F.3d at 1190.

**PETITION FOR REVIEW DENIED.**